**E-FILED**
Wednesday, 21 December, 2005  02:47:30 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| **LYNN BRANHAM,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 04-2281** |
| **THOMAS MENGLER, et al.,** | ) | |
| **Defendants.** | ) | |

## ORDER

In December 2004, Plaintiff, Lynn Branham, filed a Complaint at Law (#1) against Defendants Thomas Mengler, Andy Leipold, John Colombo, and Elaine Shoben.  Federal subject matter jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In February 2005, Defendants filed a Rule 12(b)(1) and (6) Motion To Dismiss or in the Alternative To Stay (#12).  In July 2005, the Court filed an Order (#20) granting the motion to dismiss.  In August 2005, Plaintiff filed a Motion To Reconsider (#23).  After reviewing the parties' pleadings and memoranda, this Court **DENIES** Plaintiff's Motion To Reconsider **(#23).**

### I.  Standard of Review for a Motion To Reconsider

A motion to reconsider is a method of "correct[ing] manifest errors of law or fact or to present newly discovered evidence."  *In re August, 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1406 (S.D. Ind. 1994) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.,* 561 F.Supp. 656, 665-66 (N.D. Ill. 1982)).  In matters involving interlocutory orders, such as motions to dismiss, the Seventh Circuit has made it clear that district courts have the discretion to reconsider their decisions at any time.  *Cameo Convalescent Ctr., Inc. v. Percy,* 800 F.2d 108, 110 (7th Cir. 1986).

### II.  Analysis

In her motion to reconsider, Plaintiff asks the Court to (1) reverse its order dismissing Counts I and II; (2) hold that the issue of reasonable reliance cannot be determined as a matter of law; and (3) rule on Defendant's motion to stay.

As an initial matter, the Court notes that Plaintiff's motion stated that the Court's previous Order (#20) relied on allegations in the complaint filed by Plaintiff in the Illinois Court of Claims.  The Court's footnote in its previous order referred to that complaint to support one statement regarding the positions held by Defendants Leipold, Colombo, and Shoben.  All other background information was based on Plaintiff's complaint filed in this case.

**A.  Count I**

Plaintiff argues that the Court should reconsider its decision to dismiss Count I, in which Plaintiff alleges a claim of fraud against Defendant Mengler.  The Court dismissed the claim on the basis of sovereign immunity.  In determining whether a lawsuit against a state official is a lawsuit against the State and must be brought in the Court of Claims, courts consider three factors, as follows:  (1) whether the official acted within the scope of his authority, (2) whether the duty the official allegedly breached is owed solely by virtue of State employment, and (3) whether the action the official allegedly took involved matters within his normal and official functions.  Sovereign immunity will apply whenever a judgment for the plaintiff could operate either to control the actions of the State or subject it to liability.  *Welch v. Ill. Supreme Court*, 1187, 1193 (Ill. App. Ct. 2001); *Robb v. Sutton*, 498 N.E.2d 267, 270-71 (Ill. 1986).

In support of her motion, Plaintiff's memorandum describes the holdings for a number of cases addressing this issue.  The following quote summarizes Plaintiff's point in citing these cases:  "Sovereign immunity affords no protection, however, when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority, and in those instances an action may be brought in circuit court."  *Healy v. Vaupel*, 549 N.E.2d 1240, 1247 (Ill. App. Ct. 1990).  In her motion to reconsider, Plaintiff argues that Defendant Mengler acted in excess of his authority, so that sovereign immunity does not bar the claim.

Plaintiff has also filed a copy of the Court of Claims decision in her suit against the Board of Trustees (No. 03 CC 4162).  In that decision, the Court of Claims stated as follows:

> The Board of Trustees had the power to give the Dean of the College of Law the right to contract to hire teachers. At this point of the proceedings there is nothing before the Court to show whether the Dean of the College of Law was authorized to make the contract or not.

(Court of Claims Order, dated 12 August 2005, pp. 2-3.) Plaintiff apparently is citing this case as support for her allegation that Defendant Mengler, acting on behalf of the Board, was acting within the scope of his authority when he made promises and assurances to Plaintiff regarding her entitlement to tenure and otherwise negotiated the conditions of Plaintiff's employment.

The Court previously dismissed Count I based on sovereign immunity. A look at the allegations of the complaint may help clarify the Court's reasoning. In Paragraph 3, Plaintiff alleged that she was hired "pursuant to an oral agreement under which the Plaintiff would be considered for tenure as an Associate Professor within three years based upon the Plaintiff meeting stated expectations regarding publications." Paragraph 8 states that Plaintiff "entered into said agreement based upon promises and assurances made by Thomas Mengler, . . . under the apparent and vested authority conveyed unto him by the Board of Trustees of the University of Illinois." Finally, Paragraph 14 states that "the representations made by Thomas Menger regarding Plaintiff's entitlement to tenure and the subsequent representations regarding external review, . . . were similarly false and fraudulent, and such fraudulent conduct was outside the scope of the Defendant's authority and responsibility as Dean.

Based on these allegations, Plaintiff starts with the premise that Defendant Mengler, acting on behalf of the Board, had the authority to make certain promises and assurances to Plaintiff regarding her entitlement to tenure. At the same time, Plaintiff has alleged the "representations made by Thomas Mengler regarding Plaintiff's entitlement to tenure and the subsequent representations regarding external review" were "false and fraudulent and such fraudulent conduct was outside the scope" of Mengler's authority. (#1, ¶ 14.) Thus, Plaintiff alleges that the same conduct was at once within the scope of Mengler's authority and outside the scope of his authority.

3

The Court will accept, for the *sole purpose* of responding to Plaintiff's argument, that Defendant Mengler may have had the authority to make the alleged promises and assurances to Plaintiff regarding her entitlement to tenure.  The only distinction that Plaintiff makes between the conduct that was allegedly within the scope of Mengler's authority and the conduct that was allegedly outside his authority is that the conduct that was outside his authority was fraudulent.  Obviously, no state employee has authority to commit a tort.  *Hopkins v. Clemson Agric. Coll. of S.C.*, 221 U.S. 636, 643 (1911).  "However, if one could defeat sovereign immunity by simple reference to a tort, there would be no such thing as sovereign immunity to tort actions."  *Jackson v. Alvarez*, 831 N.E.2d 1159, 1164 (Ill. App. Ct. 2005).  In *Jackson v. Alvarez*, the Illinois appellate court stated as follows:

> Because sovereign immunity presupposes the possibility of a legal wrong by a state employee (*Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 693, 69 S.Ct. 1457, 1463, 93 L.Ed. 1628, 1637-38 (1949)), and legal wrongs are, *per se,* unauthorized, the relevant question cannot be whether the employee had authority to commit the legal wrong.  Instead, the question is whether the employee intended to perform some function within the scope of his or her authority when committing the legal wrong.

*Jackson*, 831 N.E.2d at 1164.  *See also Wozniak v. Conry*, 679 N.E.2d 1255, 1258 (Ill. App. Ct. 1997) ("It does not matter if, as here, the plaintiff alleges the statements were knowingly false.  Instead, the relevant inquiry is whether the supervisor would be acting within the scope of his duties by making truthful statements of the general type alleged.").  Here, Plaintiff alleges that Mengler possessed the authority to make promises and assurances regarding the terms of Plaintiff's employment.  Thus, he was performing a task within his authority when he allegedly made fraudulent representations regarding those terms.

Plaintiff does not argue that Defendant Mengler failed to satisfy the other elements of sovereign immunity.  *See Welch*, 751 N.E.2d at 1193.  Accordingly, the Court concludes that the claim alleged against Mengler in Count I is barred by sovereign immunity.  Furthermore, based on this analysis, the Court need not consider the question of reasonable reliance.

## B.  Count II

The Court previously dismissed Count I based on sovereign immunity.  In her memorandum, Plaintiff has not articulated a separate argument regarding Count II.  Claims of tortious interference with contract made against a state employee generally will fall within the jurisdiction of the Illinois Court of Claims.  *See, e.g., Feldman v. Ho*, 171 F.3d 494, 498 (7th Cir. 1999); *Fenje v. Feld*, 301 F.Supp. 2d 781, 808 (N.D. Ill. 2003).  Plaintiff's reiteration of her arguments regarding sovereign immunity has not persuaded the Court that Count II alleges conduct that is within its jurisdiction.  Because Defendants raised the issue of the Court's jurisdiction, Plaintiff bears the burden of establishing that jurisdiction is proper.  *Selcke v. New England Ins. Co.,* 2 F.3d 790, 792 (7th Cir. 1993).  Moreover, the Court allowed Plaintiff to amend her claim in Count II.  Accordingly, the Court denies the motion to reconsider its decision regarding Count II.

Because the Court has dismissed both claims, it need not rule on Defendant's motion to stay.

## III.  Summary

For the reasons set forth above, this Court **DENIES** Plaintiff's Motion To Reconsider **(#23)**.

ENTER this 21ˢᵗ day of December, 2005.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
