**E-FILED**
Wednesday, 21 December, 2005  04:21:15 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **LYNN BRANHAM,** ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 04-2281** |
| **THOMAS MENGLER, et al.,** ) | |
| **Defendants.** ) | |

## ORDER

In December 2004, Plaintiff, Lynn Branham, filed a Complaint at Law (#1) against Defendants Thomas Mengler, Andy Leipold, John Colombo, and Elaine Shoben.  Federal subject matter jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In August 2005, the Court filed an Order (#20), dismissing both counts of the suit for lack of jurisdiction.  Plaintiff subsequently filed an Amended Complaint Count II (#22).  In September 2005, Defendants filed a Motion To Dismiss Amended Complaint Count II (#28).  After reviewing the parties' pleadings and memoranda, this Court **GRANTS** Defendants' Motion To Dismiss Amended Complaint Count II **(#28)**.

### I.  Background

The Court dismissed the claims in the previous complaint based on sovereign immunity.  Regarding Count II, the Court stated "even using its imagination, the Court cannot think of anything that Defendants could do to induce the Board of Trustees to deny Plaintiff tenure that would not be barred by sovereign immunity."  (#20, pp. 10-11.)  The Court allowed Plaintiff to amend Count II and directed her to include allegations "describing the conduct by Defendants that she alleges induced the purported breach."  (#20, p. 11.)

Plaintiff's amended complaint included the following new allegations:

12.  That at times relevant hereto, Andy Liepold was Associate Dean of the College of Law for the University of Illinois at its Urbana-Champaign campus and that Andy Liepold was directly involved in a purported unilateral

modification of said agreement and its subsequent breach by the Respondent.

13.  That at times relevant hereto, John Colombo was Associate Dean, or then Interim Dean of the College of Law for the University of Illinois at its Urbana-Champaign campus and that John Colombo also sat on the Appointments Committee for the College of Law.

14.  That at times relevant hereto, Elaine Shoben was Chair of the Appointments Committee at the College of Law for the University of Illinois at its Urbana-Champaign campus.
. . . .
18.  That Defendant Leipold, Colombo, and Sholen, with actual knowledge that the Plaintiff had performed pursuant to the terms of said agreement, intentionally interfered with the execution of that agreement by denying the Plaintiff the process to which she had been entitled pursuant thereto in refusing to permit the process to be implemented, acting in a disparate and arbitrary fashion and for reasons wholly unrelated to their responsibilities or in furtherance their employer's responsibilities.

[(*Sic*)] #22, ¶¶ 12-14, 18.


## II.  Standard of Review

"Rule 12(b)(1) requires that an action be dismissed if the court lacks jurisdiction over the subject matter of the lawsuit."  *McCulley v. U. S. Dep't of Veterans Affairs*, 851 F. Supp. 1271, 1276 (E.D. Wis. 1994) (quoting *Unity Sav. Ass'n v. Fed'l Sav. & Loan Ins. Corp.*, 573 F. Supp. 137, 140 n.4 (N.D. Ill. 1983)).  Where subject matter jurisdiction is at issue, the party invoking jurisdiction bears the burden of supporting the allegations of jurisdictional facts with competent proof.  *McCulley*, 851 F. Supp. at 1276.


When deciding a Rule 12(b)(1) motion, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff.  *See Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995).  As usual, bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations and are insufficient to defeat a motion to dismiss.  *Citibank, N.A. v. Itochu Int'l, Inc.,* No. 01 Civ. 6007, 2003 WL 1797847, *1 (S.D.N.Y. Apr. 4, 2003) (discussing standard for a Rule 12(b)(6) motion).

### III.  Analysis

Count II purports to allege a state law claim that Defendants, in their individual capacities, tortiously interfered with Plaintiff's employment relationship with the University of Illinois.  Defendants argue in their motion to dismiss that Plaintiff's amended Count II is barred by sovereign immunity.  As a result, jurisdiction over Count II lies exclusively in the Illinois Court of Claims and this Court lacks jurisdiction to consider the claim.  *See Turner v. Miller,* 301 F.3d 599, 602 (7th Cir. 2002).

In her response, Plaintiff appears to confuse the jurisdictional question sovereign immunity presents with the merits of her claim.  She recites the elements of a claim of tortious interference with business expectancy and then discusses the existence of privilege in terms of privileges that operate as affirmative defenses.  However, the Court first has an obligation to determine whether it has jurisdiction over the claim before it can consider the merits of the claim or any applicable affirmative defenses.  At this point, we cannot decide whether Plaintiff does or does not have a claim.  We can only determine only whether this Court is the appropriate forum for bringing her claim.  *See Welch v. Ill. Supreme Court*, 751 N.E.2d 1187, 1196 (Ill. App. Ct. 2001).

Moreover, Plaintiff's reliance on *Storey v. Sylvester* is misplaced, because in that case, the plaintiff alleged that the defendants had violated the plaintiff's constitutional rights.  *See Storey v. Sylvester*, 2005-CV-4011-JPG, 2005 WL 1958399 (S.D. Ill. Aug. 12, 2005).  There is no question that sovereign immunity does not protect a State employee who acted "in violation of statutory or constitutional law or in excess of his authority."  *Healy v. Vaupel*, 549 N.E.2d 1240, 1247 (Ill. App. Ct. 1990).  Similarly, in *Ulrich v. Bosmann*, the plaintiff alleged that defendants, who were university administrators, had violated university policy and/or state law and had acted outside the scope of their authority.  *Ulrich v. Bosmann*, 664 N.E.2d 119, 123-24 (Ill. App. Ct. 1996).

The Court has discussed the issue of sovereign immunity at length in its previous orders and will not repeat that analysis.  Claims of tortious interference with contract made against a

state employee generally fall within the jurisdiction of the Illinois Court of Claims.  *See, e.g.,*
*Feldman v. Ho,* 171 F.3d 494, 498 (7th Cir. 1999); *Fenje v. Feld*, 301 F. Supp. 2d 781, 808 (N.D.
Ill. 2003); *Welch*, 751 N.E.2d at 1194; *Wozniak v. Conry*, 679 N.E.2d 1255, 1257-59 (Ill. App.
Ct. 1997).  In *Fenje v. Feld*, the plaintiff alleged that the defendant's actions were based on ill
will, an illegitimate animus, personal reasons, retribution or spite, and/or were an effort to
unlawfully punish the plaintiff, and they were unjustified, illegal, and were intended to harm and
damage the Plaintiff without right or justifiable cause.  *Fenje*, 301 F. Supp 2d at 808.
Nevertheless, the district court held that sovereign immunity attached.

In her amended complaint, Plaintiff alleged that Defendants interfered with the execution
of her agreement "by denying the Plaintiff the process to which she had been entitled pursuant
thereto in refusing to permit the process to be implemented, acting in a disparate and arbitrary
fashion and for reasons wholly unrelated to their responsibilities or in furtherance their
employer's responsibilities."  (#22, ¶ 18.)  Those additional allegations do not allege any conduct
that is illegal, unconstitutional, or outside Defendants' authority.

The Court has not forgotten that federal court is a notice pleading environment.
However, "it is well established that counsel must make a reasonable inquiry before filing a
complaint, as a party may not file a lawsuit in order to conduct a fishing expedition based on a
hunch."  *Densmore v. Gen. Motors Acceptance Corp.*, No. 03 C 1866, 2003 WL 22220177, *2
(N.D. Ill. Sept. 25, 2003) (unreported) (citing *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d
677, 684 (7th Cir. 1992)).  Because Defendants have raised the issue of the Court's jurisdiction,
Plaintiff bears the burden of establishing that jurisdiction is proper.  *Selcke v. New England Ins.
Co.,* 2 F.3d 790, 792 (7th Cir. 1993).  Plaintiff has been allowed to amend; however, the
allegations in her amended complaint do not take her tortious interference claim outside the
general rule.  Accordingly, the Court lacks jurisdiction to consider the claim.

4

## IV.  Summary

For the reasons stated above, the Court **GRANTS** Defendants' Motion To Dismiss Amended Complaint Count II **(#28)** without prejudice to Plaintiff's ability to file suit against Defendants in the Illinois Court of Claims.  This case is terminated.

ENTER this 21st day of December, 2005.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
